# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK A. BROOKS,

    Plaintiff,   :   Case No. 3:11-cv-318

                        District Judge Walter Herbert Rice
   -vs-                    Magistrate Judge Michael R. Merz

                       :

MIAMI VALLEY HOSPITAL, et al.,

    Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendants' Motion to Remand to State Court (Doc. No. 5) which Plaintiff opposes (Doc. No. 9). The case was referred to the undersigned pursuant to the General Order of Assignment and Reference for the Dayton location of court. Motions to remand are classified as dispositive by Sixth Circuit precedent, *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001), and thus require a report and recommendations.

## Procedural History

Plaintiff, a resident of Columbus, Ohio, filed this case in the Montgomery County Common Pleas Court on March 29, 2011 (State Court Complaint, Attachment 1 to Notice of Removal, Doc. No. 2; hereinafter the "Complaint"). Defendants are Miami Valley Hospital, Dale Creech, Jr., Jill Herman, and Bernita Ricks. *Id.* Miami Valley Hospital is alleged to be an Ohio non-profit corporation with its principal place of business in Montgomery County, Ohio. *Id.* ¶ 5. The individual Defendants are sued based on their actions as employees or officers of Miami Valley.

1

*Id.* ¶¶6-8. The case arises out of Plaintiff's employment at Miami Valley as a security specialist from February to June, 2008. *Id.* ¶ 9. The Complaint adverts to two prior lawsuits filed by Plaintiff arising out of the same employment, Case Nos. 2008-CV-05332 and 2009-CV-4610, also in the Montgomery County Common Pleas Court, both of which ended in judgments adverse to the Plaintiff. *Id.* ¶¶ 16-17. The Complaint purports to state causes of action for libel and injurious falsehood arising out of the release by Miami Valley of certain documents to the Minerva Park Police Department as part of that department's background investigation of Plaintiff as a possible police officer. *Id.* ¶¶ 24-34.

Plaintiff removed the case to this Court on September 6, 2011 (Notice of Removal, Doc. No. 2.) Plaintiff asserted his removal was timely because Defendants had filed a counterclaim which raised a constitutional question, he had sought summary judgment on that counterclaim, and he had filed his Notice of Removal within thirty days of denial of his summary judgment motion. *Id.* ¶ 2. Plaintiff claimed this Court has subject matter jurisdiction under 28 U.S.C. § 1331 "as the Complaint presents a federal question arising under the Constitution, laws or treaties of the United States. Specifically, plaintiff alleges defendants violated plaintiff's due process rights, and defendant's [sic] counterclaim is unconstitutional." *Id.* ¶ 3.

**Positions of the Parties**

Defendants seek remand on the grounds that (1) a plaintiff has no right of removal, (2) this Court does not have original jurisdiction of the causes of action pled in the Complaint, and (3) the Notice of Removal was untimely filed (Motion to Remand, Doc. No. 5). Plaintiff argues that he can remove because he is a "defendant" on the counterclaims (Memorandum in Response, Doc. No. 9, PageID 902-903). He asserts there is subject matter jurisdiction because Miami Valley is a state

actor subject to suit for violating his constitutional rights under 42 U.S.C. § 1983 and because he is questioning the constitutionality of the Ohio statute permitting designation of persons as vexatious litigators. *Id.* at PageID 903-908. Finally, he asserts removal is timely because filed the day after he received the trial court's ruling on his motion for summary judgment which he says was the state court act which made this case removable. *Id.* at PageID 908-909.

**Analysis**

While the motion papers present interesting arguments federal court jurisdiction and timeliness of removal, the Motion can be decided essentially on the face of the pleadings. 28 U.S.C. § 1441(a) provides in pertinent part that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiff argues that he is literally a defendant because he has been sued by the Defendants in their counterclaims. That argument is precluded by precedent. Wright, Miller, Cooper & Steinman, Federal Practice and Procedure 4th, § 3721 at 42-44, citing particularly *Village of Oakwood v. State Bank and Trust Co.*, 481 F.3d 364 (6th Cir. 2007), and *Guttman v. Silverberg,* 374 F. Supp. 2d 991 (D.N.M. 2005).

Plaintiff's cited authority is not to the contrary. *Osborn v. Bank of United States*, 22 U.S. 738 (1824), was a case originally brought by the directors of the Bank of the United States in the Circuit Court for the District of Ohio to enjoin the Ohio Treasurer from levying a tax on the operations of the Bank. No removal to federal court was involved. The *Pacific Railroad Removal Cases,* 115 U.S. 1 (1885), all involved the Supreme Court's upholding the right of removal of

3

defendant railroad corporations.

This case must be remanded to the Montgomery County Common Pleas Court because Plaintiff had no power under 28 U.S.C. § 1441 to remove it to this Court.

Defendants have also moved for costs and expenses of removal under 28 U.S.C. § 1447(c). Plaintiff's Memorandum in Response does not address this request. Removal of cases to federal court has been limited to defendants since 1887 (Act of March 3, 1887, c. 373, 24 Stat. 552). Plaintiff offers no authority to support his theory that "defendant" in the statute includes defendants on counterclaims. Because there was no objectively reasonable basis on which Plaintiff has the right to remove, Defendants should be allowed their costs and expenses under 28 U.S.C. § 1447(c) and may file a properly-supported motion for those costs not later than November 15, 2011.

October 25, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).