# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK A. BROOKS,

      Plaintiff,                 :          Case No. 3:11-cv-318

                                    District Judge Walter Herbert Rice
    -vs-                             Magistrate Judge Michael R. Merz

                         :

MIAMI VALLEY HOSPITAL, et al.,

      Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Objections (Doc. No. 11) to the Magistrate Judge's Report and Recommendations (Doc. No. 10) recommending that Defendants' Motion to Remand to State Court (Doc. No. 5) be granted. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Plaintiff filed this case in the Montgomery County Common Pleas Court on March 29, 2011, and only removed it to this Court on September 6, 2011, after he lost in his effort to have Defendants' "vexatious litigator" counterclaim dismissed.

The Report recommends remand because plaintiffs are not authorized by law to remove cases to federal court. In his Objections Plaintiff claims he is in fact a "defendant," citing a definition of "defendant" from Nolo's Plain-English Law Dictionary. That definition reads in its entirety "The person against whom a lawsuit is filed. In some types of cases (such as divorce) a defendant may be called a respondent." While that is a common sense definition of the word, what controls is the meaning Congress has given the word "defendant" in the removal statutes. In 28 U.S.C. § 1446, that

1

word means only the state court defendants and not someone who is sued on a counterclaim. In addition to the authority cited in the Report,[1] the Magistrate Judge relies on Wright, Miller, Cooper & Steinman, Federal Practice and Procedure 4th, § 3730 and the cases cited at nn. 1-3.

Plaintiff again cites *Osborn v. Bank of United States,* 22 U.S. 738 (1824), for the proposition that federal courts have original jurisdiction over claims that "arise under" the Constitution. While that is true in general, federal courts do not have original jurisdiction over cases where a defendant's defense arises under the Constitution. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908), is instructive. Plaintiffs brought a breach of contract claim against the railroad which defended on the ground that a federal statute had abrogated plaintiffs' contract. Plaintiffs responded that the statute was unconstitutional under the Impairment of Contracts Clause. The Supreme Court *sua sponte* raised lack of subject matter jurisdiction, holding that the constitutional defense did not make the case "arise under" federal law. In this lawsuit, Plaintiff's Complaint purports to state claims for relief under Ohio common law; they in no way arise under federal law. The fact that Plaintiff has a constitutional defense to the counterclaim does not change the result.

Plaintiff ups the ante by asserting that a limitation of removal jurisdiction to defendants only is unconstitutional because it denies "plaintiffs access to federal courts to challenge the constitutionality of such statutes." Of course, if plaintiff is found to be a vexatious litigator over his objection that the Ohio statute is unconstitutional, he would have access to the Supreme Court to raise that claim eventually. But the proposition that a litigant must be afforded access to the district courts to litigate constitutional issues has never been adopted by the Supreme Court.

Plaintiff also objects that the Magistrate Judge's recommendation that Defendants be awarded costs and expenses under 28 U.S.C. § 1447(c) is unconstitutional "in that it discriminates

---

[1] Wright, Miller, Cooper & Steinman, Federal Practice and Procedure 4th, § 3721 at 42-44, citing particularly *Village of Oakwood v. State Bank and Trust Co.*, 481 F.3d 364 (6th Cir. 2007), and *Guttman v. Silverberg*, 374 F. Supp. 2d 991(D.N.M. 2005).

2

against *pro se* plaintiffs." (Objections, Doc. No. 11, PageID 917.) He attempts to prove this proposition by citing numerous cases which hold that *pro se* litigants cannot recover attorney fees under 42 U.S.C. § 1988. The only case cited which deals with removal is *Tempelman v. Colsia*, 2002 WL 31236395 (D.N.H. 2002), but the principle is the same in all the cases: a party who has not incurred attorney fees cannot logically be awarded attorney fees under a statute providing for an award of attorney fees. Presumably Plaintiff's implicit argument is that to discriminate between a class of litigants which has incurred attorney fees and a class which has not is a violation of the Equal Protection Clause. That Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Supreme Court has stated that this language "embodies the general rule that States must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997). But the case of a litigant who has actually incurred attorney fees is quite different from the case of someone who has not.

Finally, Plaintiff says he did not act in bad faith in removing the case to federal court, but rather is being "sanction[ed] for choosing an unconventional legal position that is being prejudiced only on the basis that no other plaintiffs have argued such a position to create similar precedent." (Objections, Doc. No. 11, PageID 918.) Plaintiff further asserts that "the reasonable basis test is subjective, rather than objective, and based upon legal dogma." *Id.* In *Martin v. Franklin Capital Corporation*, 546 U.S. 132 (2005), the Supreme Court required lower courts to apply an objective reasonableness test; a "bad faith" test was rejected. The Magistrate Judge assessed Plaintiff's removal as objectively unreasonable not because it was novel, but because it presented a position uniformly rejected in the case law. And yes, Supreme Court opinions establish dogma for the lower courts.[2]

---

[2] Webster's Second International Dictionary at 765 defines "dogma" as "that which is held as an established opinion; esp. a definite and authoritative tenet." That accurately describes propositions of law drawn from Supreme Court opinions.

It is therefore again respectfully recommended that this case be remanded to the Montgomery County Common Pleas Court and Plaintiff assessed Defendants expenses of removal, including attorney fees.

November 8, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).