# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK A. BROOKS,

       Plaintiff,  :  Case No. 3:11-cv-318

                                        District Judge Walter Herbert Rice
      -vs-                                    Magistrate Judge Michael R. Merz

                                    :

MIAMI VALLEY HOSPITAL, et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS ON AWARD OF EXPENSES OF REMOVAL

This case is before the Court on Defendants' Motion for Attorney Fees and Costs (Doc. No. 13) and Plaintiff's Response to Defendants' Motions for Attorney Fees with Objections (Doc. No. 20). The Magistrate Judge heard evidence and argument on the Motion on December 22, 2011, and the hearing has been transcribed.

Defendants included a request for costs and expenses in their Motion to Remand (Doc. No. 5). In both the Report and Recommendations (Doc. No. 10) and Supplemental Report and Recommendations (Doc. No. 12), the Magistrate Judge recommended assessing expenses of removal and directed Defendants to file a properly-supported motion for fees which they have done. They then supplemented the Motion and requested an in-court hearing (Doc. No. 16) which the Court granted.

**Magistrate Judge Authority to Set and Hold a Hearing**

Plaintiff objects that the Magistrate Judge lacked authority to set a hearing because Plaintiff had not consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c) (Doc. No. 20 at PageID 982-983). The lack of the unanimous consent required for referral under § 636(c) is documented in the parties Fed. R. Civ. P. 26(f) Reports (Doc. Nos. 6, 7).

However, this case was not referred under that statute, but under 28 U.S.C. § 636(b). See General Order of Assignment and Reference (July 25, 2011) at www.ohsd.uscourts.gov/general orders, authorizing the Magistrate Judges at Dayton to exercise, in described categories of cases, "any and all functions authorized for full-time United States Magistrate Judges by statute." That includes making recommendations for the decision of dispositive motions, such as motions to remand, under 28 U.S.C. § 636(b)(1)(B). The authority to make a recommendation necessarily includes the authority to set hearings necessary or useful for the disposition of matters. In fact, Fed. R. Civ. P. 72(b) provides for a record to be made of "all evidentiary proceedings" before a Magistrate Judge designated to recommend a disposition on a motion reserved for final decision by a District Judge. It would be an absurd interpretation of the Magistrates Act to hold that, while a Magistrate Judge may make a recommendation on such a motion, a hearing on a dispositive motion must be set by a District Judge.

*Harris v. Folk Constr. Co.*, 138 F.3d 365 (8th Cir. 1998), relied on by Plaintiff, is not to the contrary. There a magistrate judge acted on express orders of a district judge, but without consent of the parties, to consider the removal of a deliberating juror. While the court of appeals upheld the authority of a district judge to depute a magistrate judge under 28 U.S.C. § 636(b)(3) to supervise a jury and take a verdict, it held that did not include the function of dismissing a juror. This is completely consistent with the law forbidding a magistrate judge, absent consent, from taking any

2

role other than a purely ministerial one, in a trial being conducted by a District Judge. The structure of the Magistrates Act is focused on pre-trial matters, rather than trial. In this case, the role of hearing argument and/or evidence on a pre-trial motion to remand is distinct from presiding over any part of an actual trial. It is comparable to the role a Magistrate Judge might play in taking evidence on a motion to compel discovery or to dismiss for lack of jurisdiction, both of which would ultimately be decided by a District Judge.

## Propriety of An Award of Expenses

The Magistrate Judge has previously recommended that the Court conclude the removal was objectively unreasonable. (Report and Recommendations, Doc. No. 10, PageID 914; Supplemental Report and Recommendations, Doc. No. 12, PageID 921-922.) It is not necessary to repeat that citation of authority here. Suffice it to say that Plaintiff has been unable to cite any authority which would permit a state court plaintiff to remove a case to federal court, whether or not the plaintiff's claims "arise under" Article III of the Constitution or Congressional codification of that authority in 28 U.S.C. § 1331.

The Supreme Court has recently reiterated that the question whether a case "arises under" federal law must be determined from the face of a well-pleaded complaint, and not from the counterclaim, much less a response to a counterclaim. *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826 (2002). The fact that Plaintiff's response to Defendants' vexatious litigator counterclaim denies the constitutionality of the Ohio statute on which the counterclaim is grounded is immaterial. *See Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908).

Where a removing party lacks an objectively reasonable basis for removal, the court may award attorney fees. *Lauderdale v. Yellow Transp., Inc.*, 2011 U.S. Dist. LEXIS 142047 (S.D. Ohio

Dec. 9, 2011), *citing Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141(2005). Such an award is discretionary, not mandatory. *Id.* The Supreme Court also held in *Martin* that the statute does not create a strong presumption either in favor of or against a fee award. In *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055 (6th Cir. 2008), the Sixth Circuit described the district court's range of discretion as "considerable," but reiterated the general rule that application of the wrong legal standard is *ipso facto* an abuse of discretion.

Post-*Martin* in *Nat'l City Bank v. Aronson*, 474 F. Supp. 2d 925 (S.D. Ohio 2007), Judge Marbley found a basis for an award of fees in the intransigence of the party opposing remand:

> Rather than concede the issue of remand, defendants persisted in their futile efforts to establish diversity jurisdiction under circumstances that gave no reason to believe that jurisdiction existed. Defendants even suggested that Ms. Aronson-Ewbank is possessed of dual domiciles, a position that is entirely without legal support.

*Id.* at 928. He also found that a showing of bad faith in opposing remand was unnecessary. *Id.* at 929, *citing Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993), and *Taylor-Sammons v. Bath,* 398 F. Supp. 2d 868, 877-78 (S.D. Ohio 2005) (Graham, J.). Plaintiff here has certainly been persistent in opposing remand. And although the parties and Magistrate Judge have written many words on the subject, it is crystal-clear that a state-court plaintiff may not remove a case to federal court.

Plaintiff relies on his *pro se* status to justify a denial of expenses of removal, *citing Heynen v. Give Life Fndtn.*, 2008 WL 4372969 (E.D. Tenn. Sept. 22, 2008); *Onewest Bank v. Sanchez*, 2010 WL 3076256 (N.D. Cal. Aug. 5, 2010); *HSBC Bank U.S.A., N.A. v. Manuel,* 2010 WL 3366 410 (N.D. Cal. Aug. 25, 2010); and *HSBC Bank U.S.A., N.A. v. Bryant,* 2009 WL 3787195 (No. 10, 2009). In *Heynen*, Judge Phillips denied costs and fees under 28 U.S.C. § 1447(c) based on defendant's *pro se* status, not that defendant "attempted to read the statutes and simply lacks sufficient legal knowledge to understand the applicable statutory provisions, case law, and rules."

4

*Heynen* at *2. In *Onewest* and *Manual*, Judge Illston, who presided in both cases, relied on the *pro se* status of defendants to deny a fee award. However, in both cases, the motion to remand was unopposed. In *Bryant*, Judge Gonzalez actually held the removal was not objectively unreasonable and, in denying a fee award, granted the *pro se* defendant "more leeway in his attempt to comply with the removal statute, as long as it is not objectively unreasonable." *Id.* at *5.

The Magistrate Judge agrees it is not inappropriate to consider a party's *pro se* status in determining whether to make an award under § 1447(c). However, the *pro se* party's motivation is also properly considered. This is Plaintiff's third *pro se* lawsuit against Miami Valley Hospital arising out of his employment there for several months in 2008; the prior two were decided adversely to Mr. Brooks. On July 27, 2008, Mr. Brooks wrote to Defendants' counsel Mr. Waite an email stating in part:

> Either way, just know I will file as many complaints as it takes until I either win, receive a settlement, or the hospital spends more in legal fees than the amount I requested to be awarded. I'll learn from every mistake and continue to be persistent and hire an attorney when I can afford one.

(Motion to Remand, Doc. No. 5, PageID 741.) Thus Plaintiff has an announced strategic intention to impose costs on Miami Valley Hospital, costs the Hospital will presumably pass on to its patients in higher fees for services. Conversely, although Mr. Brooks is proceeding *pro se*, he has not sought *in forma pauperis* status and obviously has the resources to litigate vigorously.[1] Section 1447(c) is a fee-shifting statute plainly intended by Congress to discourage use of removal as a strategic measure unless the removal is objectively reasonable.

In sum, in the Magistrate Judge's opinion, the balance of equities favors imposing an award

---

[1] The cases relied on by Mr. Brooks to support giving weight to his *pro se* status – *Heynen, et al.* – were provided to the Court in hard copy from Westlaw, which is not a service provided free to the public.

5

of fees on Plaintiff in this case.

## Amount of the Award

At the hearing Defendants presented expert testimony from attorney Thomas Whelley. Mr. Whelley has been admitted to practice law by the Ohio Supreme Court since November, 1977, and has consistently practiced as a litigator in Dayton, Ohio, since then. He is familiar with fees generally charged by attorneys in this area practicing in employment law disputes and litigating those disputes in court. The Court found that he was qualified as an expert and that he did not have an obligation, as asserted by Plaintiff, to prepare a pre-hearing expert report of the type required by Fed. R. Civ. P. 26.

Mr. Whelley reviewed the motion papers related to the Motion to Remand and the invoices provided to Miami Valley Hospital for the services rendered by the law firm of Freund, Freeze & Arnold in prosecuting that Motion. He opined that the services rendered were necessary and that the hourly rates charged for those services were reasonable in light of the experience of the attorneys and paralegal providing them and the current market rates for comparable services in this area. He was thoroughly cross-examined by Mr. Brooks, but his testimony was in no way undermined. The Magistrate Judge finds Mr. Whelley's testimony both credible and unopposed.

Based on Mr. Whelley's Affidavits and the in-court testimony of Mr. Whelley and Mr. Waite, the Magistrate Judge finds that Defendant Miami Valley Hospital has actually incurred attorney reasonable and necessary attorney fees in the amount of $11,093.50 and expenses in the amount of

$258.45 for a total of $11,351.95[2] which it is respectfully recommended be awarded to Defendant Miami Valley Hospital.[3]

January 4, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

---

[2] This was the amount incurred through the filing of the Supplemental Memorandum (Doc. No. 16, on December 7, 2011.  There have been additional filings and the December 22, 2011, hearing since that date.)

[3] Other Defendants appear to be agents of the hospital whose defense the hospital has assumed.