IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARK A. BROOKS,

      Plaintiff,

vs.

MIAMI VALLEY HOSPITAL, et al.,

      Defendants.

Case No. 3:11cv318

JUDGE WALTER HERBERT RICE

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE ON AWARD OF EXPENSES OF REMOVAL (DOC. #23) IN THEIR ENTIRETY AND OVERRULING PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #24); ATTORNEY FEES AND COSTS ASSESSED IN THE AMOUNT OF $11,093.50 FOR ATTORNEY FEES AND EXPENSES IN THE AMOUNT OF $258.45, FOR A TOTAL OF $11,351.95; JUDGMENT TO ENTER ACCORDINGLY; FURTHER SUPPLEMENTATION MAY BE FILED BY DEFENDANTS WITHIN STATED PERIOD OF TIME, WITH REQUEST FOR AMENDED JUDGMENT; TERMINATION ENTRY

---

Pursuant to the reasoning and citations of authority set forth by the United States Magistrate Judge in his Report and Recommendations on award of expenses of removal (Doc. #23), as well as upon a thorough de novo review of the entirety of this Court's file (including, *inter alia*, memoranda, affidavits, etc.), as well as upon a thorough review of the applicable law and the entirety of the transcript of the oral and evidentiary hearing of December 22, 2011, this Court adopts said Report and Recommendations in their entirety, and overrules the Plaintiff's Objections thereto (Doc. #24). In so ruling, the Court will order judgment in favor of Defendants and against Plaintiff herein, in the amount of

$11,351.95, comprised of $11,093.50 in attorney fees reasonably and necessarily incurred, and expenses in the amount of $258.45.

In ruling as aforesaid, the Court will make the following, <u>non-exclusive</u>, observations:

1. Regardless of the Plaintiff's claimed good faith in removing this matter (a non-relevant consideration), the fact remains that his removal, as Plaintiff, was objectively unreasonable, given that the state of law foreclosing plaintiffs from exercising removal has been well established since the first administration of Grover Cleveland. As such, removal, particularly under the circumstances, the timing and the delay in this case (Judge Tucker had recently overruled certain motions of the Plaintiff), is objectively unreasonable. In short, Plaintiff presented no esoteric, not-yet-settled, principle of law in his unsuccessful attempt at removal to this Court.

2. While Plaintiff is proceeding *pro se*, his memoranda and conduct during the December 22, 2011, hearing clearly revealed that he not only has the resources to litigate his contentions (he did not seek *in forma pauperis* status in the captioned cause), but is far from a neophyte in his ability to research and have access to prevailing law.

3. Plaintiff is proceeding *pro se*. This Court is well aware of the general rule that a party's *pro se* status should be considered in determining whether to make an award under § 1447(c), and that a Court should be somewhat tolerant of a *pro se* party's attempts to comply with legal formalities.

However, the fact remains that, in this case, his blatantly improper attempts to remove the captioned cause from the Common Pleas Court, his continuing to argue the propriety of his attempts to remove, in the face of incontestable law to the contrary, together with his July 27, 2008, email to Defendant's counsel, Wayne Waite, stating:

> Either way, just know I will file <u>as many complaints</u> as it takes until I either win, receive a settlement, or the hospital spends more in legal fees than the amount I requested to be awarded. I'll learn from every mistake and continue to be persistent and hire an attorney when I can afford one. [Emphasis added.]

clearly indicates that a compelling motivation (as distinguished from his subjective good faith, which is irrelevant) was clearly to cause the hospital to expend money for attorney fees and costs. Finally, let it not be forgotten that, in this case, the Defendant Miami Valley Hospital did, in fact, pay the invoices for legal services and costs incurred by Defendants' counsel.

3. As the Magistrate Judge pointed out in his Report and Recommendations (Doc. #23, footnote 2, at 7), "[T]his was the amount incurred [attorney fees and costs] through the filing of the Supplemental Memorandum (Doc. No. 16, on December 7, 2011. . . . [T]here have been additional filings [since that time] and the December 22, 2011, hearing since that date.) Should Defendant's counsel wish to file an affidavit, setting forth the attorney fees and costs, reasonably necessary to defend against the removal, since December 7, 2011, they must file such affidavit not later than ten calendar

days from date, coupled with a request to amend the judgment rendered herein.

WHEREFORE, based upon the aforesaid, this Court orders the entry of judgment in favor of the Defendants and against Plaintiff herein in the amount of $11,351.95, consisting of $11,093.50 for attorney fees and $258.45 in expenses, the total of $11,351.95 having been reasonable and necessary attorney's fees and expenses in defending against the Plaintiff's improper removal.

The captioned cause is ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

August 22, 2012

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

-4-