# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK A. BROOKS,

    Plaintiff,    :    Case No. 3:11-cv-318

        District Judge Walter Herbert Rice
  -vs-    Magistrate Judge Michael R. Merz

    :

MIAMI VALLEY HOSPITAL, et al.,

    Defendants.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This case is before the Court on Plaintiff's Motion to Vacate Judgment (Doc. No. 30). Defendants oppose the Motion (Doc. No. 31) and Plaintiff has filed a reply in support (Doc. No. 32).

A motion for relief from judgment, as a post-judgment motion, is deemed referred to magistrate judges for report and recommendation, rather than decision, pursuant to 28 U.S.C. 636(b)(3).  This case remains referred to the undersigned under this Court's General Order of Assignment and Reference because of Plaintiff's status as a *pro se* litigant.

On August 22, 2012, District Judge Rice adopted the undersigned's Report and Recommendations on award of fees and expenses on removal and ordered judgment entered against Plaintiff and in favor of Defendants in the amount of $11,351.95 ($11, 093.50 in attorney fees and $258.45 in expenses) for Plaintiff's improper removal of this case to federal court (Doc. No. 28).

1

Plaintiff claims service of this decision "was never perfected" because he had moved from the Columbus, Ohio, address he has on file with this Court. As the docket reflects, Mr. Brooks has never filed a change of address with the Court and indeed does not include a new residence address on his Motion to Vacate.

On March 29, 2012, Judge Rice had previously entered judgment remanding the case to the Common Pleas Court, but reserving the fee question for decision post-remand (Doc. No. 26). After the case was remanded, in July, 2012, the parties settled the case and it was dismissed in the Common Pleas Court on July 26, 2012 (Copy of Notice of Filing Fully Executed Settlement Agreement and Release attached to Doc. No. 30, PageID 1037-1041). Mr. Brooks was represented in the negotiation of the settlement by Attorney James R. Greene, III.

Plaintiff claims that this Court's award of fees and expenses for improper removal is covered by the settlement agreement in the Common Pleas Court because that settlement agreement contemplated "mutual dismissal of all claims." (Motion, Doc. No. 30, PageID 1036.)

Defendants assert this Court lacks "jurisdiction over issues or disputes regarding the Settlement Agreement entered into between the parties" and that Plaintiff has not demonstrated entitlement to relief under any of the grounds enumerated in Fed. R. Civ. P. 60(b) (Memo in Opp., Doc. No. 31, PageID 1042).

Plaintiff replies that he was under the impression Judge Rice had remanded the question of attorney fees to the Common Pleas Court along with the balance of the case and attaches a purported March 30, 2012, 12:15 A.M. email to his state court counsel indicating that understanding (Reply, Doc. No. 32, PageID 1059). He claims this Court has continuing authority over the judgment under Fed. R. Civ. P. 60(b)(5). And he claims "[t]he Clerk of Court never provided Plaintiff notice that judgment was rendered against him. As a *pro se* litigant,

2

Plaintiff does not receive automatic case filing notifications and Defendants never notified Plaintiff of any judgment." *Id.* at PageID 1057.

**Analysis**

Fed. R. Civ. P. 60(b)(5) allows a federal district court to relieve a party from a final judgment or order if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." The motion must be made within a reasonable amount of time and Defendants do not dispute that Plaintiff's motion is timely. The Magistrate Judge understands Plaintiff's Motion to be made under Fed. R. Civ. P. 60(b)(5).[1] That is, Plaintiff is claiming that his obligation to pay attorney fees and expenses was settled and "released" by the Settlement Agreement in the Common Pleas Court.

There is no doubt that Defendants' claim for attorney fees and expenses is a claim which could have been settled by the Settlement Agreement if that is what the parties intended. Nothing about Judge Rice's award suggests that the monetary amount of the award could not have been compromised and settled between the parties; it was not in the nature of some kind of public sanction against the Plaintiff for improper removal, but merely an exercise of this Court's authority for fee shifting between parties when a removal is objectively unreasonable.

However, the parties reserved to Judge Tucker all questions "relative to or arising out of this Agreement." (Memo in Opp., Doc. No. 31, PageID 1053.) How to interpret the Settlement Agreement is, as stipulated in the Agreement itself, a question of Ohio law. If Plaintiff wished to

---

[1] If the Plaintiff is arguing for vacation under some other provision of Fed. R. Civ. P. 60(b), he has not made that explicit; he cites only Rule 60(b)(5).

bring a separate declaratory judgment action for a determination that the Settlement Agreement covered the attorney fees claim, he could not bring it in federal court because it does not depend on a question of federal law and there is not the requisite diversity of citizenship and amount in controversy to bring the matter to federal court in the first instance.  The question of whether the Settlement Agreement covers the attorney fee and expenses claim should be decided in the first instance by the Common Pleas Court, especially since the Agreement was allegedly negotiated in that court on Plaintiff's behalf by Attorney Greene, who did not enter an appearance in this case.

Plaintiff's reading of Judge Rice's March 29, 2012, Decision as remanding the fee issue along with the rest of the case is not reasonable.  The fee issue was fully briefed after an evidentiary hearing and the question involved was plainly a question of federal law, to wit, the appropriateness of an award of fees and expenses upon improper removal.  The Magistrate Judge is unaware of any authority of a federal court to "remand" that issue and Judge Rice ordered the case terminated only on the remand issue (Decision, Doc. No. 26, PageID 1026).  Conversely, the Sixth Circuit has expressly approved making an award of fees and expenses in a separate order after remand.  *Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252 (6th Cir. 1997).

Plaintiff should move in Judge Tucker's court to reopen the final judgment to obtain a decision whether the Settlement Agreement encompasses the attorney fee question.  If he obtains a favorable ruling, he should then apply to this Court for relief from judgment under Fed. R. Civ. P. 60(b)(5).  The present Motion for Relief from Judgment should be denied without prejudice to its renewal in the event Plaintiff obtains a favorable judgment from Judge Tucker.

March 28, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).