**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

MARK BROOKS,

      Plaintiff,

          -vs-

MIAMI VALLEY HOSPITAL, et al.,

      Defendants.

:    Case No. 3:11-cv-318

:    District Judge Walter Herbert Rice
     Magistrate Judge Michael R. Merz

:

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Objections (Doc. No. 34) to the Magistrate Judge's Report and Recommendations recommending that Plaintiff's Motion for Relief from Judgment be denied (Doc. No. 33). Defendants' filed a timely Response to the Objections (Doc. No. 36) and Judge Rice has recommitted the matter to the Magistrate Judge for consideration of the Objections (Doc. No. 35). Without authority under Fed. R. Civ. P. 72 and without leave of court, Plaintiff has filed a Reply to Defendants' Response (Doc. No. 38).

Having previously remanded this case to the Common Pleas Court but reserving the question of sanctions for improper removal, Judge Rice imposed sanctions on August 22, 2012 (the "Sanctions Order," Doc. No. 28). Plaintiff moved to vacate the Sanctions Order on the grounds that Defendants' claim for fees and expenses for improper removal had been settled in the Common Pleas Court after remand and this Court therefore lacked jurisdiction to grant the sanctions (Motion, Doc. No. 30, PageID 1036). The parties had reserved all questions of interpretation of the Common Pleas Settlement Agreement to that court. The Magistrate Judge

accordingly recommended denying the Motion to Vacate without prejudice to its renewal if Plaintiff obtained a favorable ruling from Judge Tucker, adopting his interpretation (R&R, Doc. No. 33, PageID 1062-1063).

Plaintiff makes no objection to the Magistrate Judge's analysis of his assertion the sanctions matter was settled. Instead, he completely shifts ground and now says the Sanctions Order should be vacated because it was never served on him by the Clerk (Objections, Doc. No. 34, PageID 1065-1066). Instead of asserting the sanctions claim was settled, he now seeks to appeal the Sanctions Order and to obtain vacation and re-entry of the Sanctions Order so his appeal will be timely. *Id.* As authority for that position, he relies on *Tubbs v. Campbell,* 731 F.2d 1214 (5th Cir. 1984); *Unlimited Acquatic Enterprises, Inc., v. Smithsonian Institute,* 500 F.2d 808 (D.C. Cir. 1974); and *Primus Automotive Financial Services, Inc., v. Otto-Wal, Inc.,* 284 F. Supp. 2d 845 (N.D. Ohio 2003).

Defendants note that any question of service of the Sanctions Order by the Clerk is immaterial to the issue of whether the sanctions issue was settled (Response, Doc. No. 36, PageID 1068). Defendants argue that Plaintiff's new rationale for vacation, made for the first time in the Objections, is not well taken under Fed. R. Civ. P. 77(d). That Rule provides:

> **(d) Serving Notice of an Order or Judgment.**
>
> (1) **Service.** Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).
>
> (2) **Time to Appeal Not Affected by Lack of Notice**. Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

In turn, Fed. R. App. P. 4(a)(6) provides:

> (6) **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

The docket in this case does not show that the Clerk ever gave Plaintiff notice of the entry of the Sanctions Order[1]. If the Court then treats Plaintiff's Objections as a new motion to extend the time for appeal, then Plaintiff must satisfy the 180 day requirement in Fed. R. App. P. 4(a)(6)(B). He has not. The 180th day after August 22, 2012, was February 18, 2013, and Plaintiff's Objections – the first time when he indicated to this Court any intention to appeal – were not filed until April 3, 2013, the 224th day after the Sanctions Order was entered. Even his original Motion to Vacate – which does not mention any intention to appeal – was not filed until February 28, 2013, already the 190th day after the sanctions order was entered.

Plaintiff essentially concedes that both his filings were too late to qualify under Fed. R. App. P. 4(a)(6)(Reply, Doc. No. 38, PageID 1073-1074). This, he says, is the very reason why the Court should vacate the Sanctions Order and re-enter it, to protect his "due process right to appeal guaranteed to him pursuant to 28 U.S.C. § 1291." *Id.* at PageID 1073. As authority for

---

[1] Plaintiff suggests a distinction between service of a copy of a judgment or order and service of a notice of a judgment or order (Reply, Doc. No. 38, PageID 1072). Fed. R. Civ. P. 77 does not support that distinction. It does not require service of a copy of the judgment or order, but only of notice that one has been filed. Of course, the easiest way for the Clerk to give notice is to send a time-stamped copy of the order, but the Rule does not prescribe how notice is to be given.

this end-run around the Rules of Appellate Procedure, Plaintiff relies on *Hill v. Hawes*, 320 U.S. 520 (1944). That case interpreted the rule-making authority of the D.C. Circuit Court of Appeals to adopt a time for appeal under the Acts of Congress of February 9, 1893 (27 Stat. 434) and July 30, 1894 (28 Stat. 160). It held that court could adopt a twenty-day time limit, shorter than the six-month limit provided in the Everts Act which created the circuit courts of appeals (26 Stat. 826). Of course, none of those statutes has any application in this case; they have all been superseded by the Rules Enabling Act, 28 U.S.C. §2071, pursuant to which both Fed. R. Civ. P. 77 and Fed. R. App. P. 4(a)(6). The Supreme Court expressly found that Fed. R. Civ. P. 60 did not apply in these circumstances, but found no abuse of discretion in the vacation of the judgment because it was still done "in term," a concept which no longer applies to federal courts. The decision provoked a strong dissent from Chief Justice Stone who wrote:

> Petitioner, by the exercise of the diligence required by the Federal Rules of Civil Procedure could have learned of the entry of the judgment against him and have taken a timely appeal. His case is not hard enough to afford even the proverbial apology for our saying that federal judges, by the reentry of a judgment for no other purpose, are free to make a dead letter of the statutory limit of the period for appeal.

*Id*. at 526. Of course, this Court has power to vacate and re-enter the judgment, even though the effect would be to allow Mr. Brooks to appeal the Sanctions Order. But his case also is not so hard as to suggest this Court ignore the policy of Fed. R. App. R. 4(a)(6) to allow him an appeal. As noted in the original Report, Mr. Brooks learned of the Court's remand order (Doc. No. 26) the very day it was issued which he must have done by examining the docket or calling the Clerk's Office. If he had displayed that degree of diligence with respect to the Sanctions Order, he would have learned of it in time to make a timely request for extension of the appeal time.

It is therefore again respectfully recommended that the Motion for Relief from Judgment

4

be denied.

April 17, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).